# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

THOMAS LOTZ, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

SIMPLY MAC, INC.,

Defendant.

_____
## COMPLAINT AND JURY DEMAND
_____

Plaintiff Thomas Lotz ("Plaintiff"), on behalf of himself and all others similarly situated, brings this Complaint and states:

## INTRODUCTION

This action is brought on behalf of all Store Managers ("SMs") employed by Defendant Simply Mac, Inc. ("Defendant" or "Simply Mac"), at its Simply Mac locations across the United States. Defendant misclassified SMs as exempt under federal overtime laws and failed to pay them overtime compensation.

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of himself and other current and former SMs who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

216(b) (the "Collective Action Class"), that they are: (i) entitled to overtime premium pay as required by law, and (ii) entitled to liquidated damages and attorneys' fees pursuant to the FLSA.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Defendant is subject to personal jurisdiction in Colorado.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5. Plaintiff was, at all relevant times, an adult individual residing in Fort Collins, Colorado.

6. Plaintiff was employed by Defendant from about November 2012 to September 2015. Plaintiff was initially employed as an Assistant Manager but was then named as an SM in October 2014. Plaintiff worked as an SM at Defendant's stores Fort Collins and Greeley, Colorado.

7. Plaintiff worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal law.

8. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Utah, with its principal place of business in Grapevine, Texas.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant in the

United States at any time in the last three (3) years to the entry of judgment in this case (the "Collective Action Period") as SMs and who were classified as exempt by Defendant and were not paid legally-required overtime wages (the "Collective Action Members").

10. This Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are over 200 members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

11. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the members of this collective action.

12. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, because the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Collective Action Members to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Collective Action Members are similarly situated because, among other things, they shared common job duties and descriptions and were all victims of the same company-wide

policy that misclassified them as exempt from the overtime requirements of the FLSA, denying the overtime compensation to which they are entitled.

## STATEMENT OF FACTS

14. Defendant owns and operates a chain of retail stores under the trademark "Simply Mac." Defendant describes itself as a "Premier Apple Partner." Defendant offers sales and service of Apple products. As of March 2016, there are 76 Simply Mac locations in 29 states.

15. Plaintiff was employed by Defendant as an SM from approximately October 2014 to September 2015.

16. Plaintiff's activities while at work included, but were not limited to, sales, cashiering, trouble-shooting devices, stocking and inventory, which was time-consuming to meet Apple's specifications.

17. Plaintiff's regular duties did not include the hiring and firing of employees; setting and adjusting employee rates of pay and hours of work; scheduling employees for work shifts; and planning for or controlling budgeting matters.

18. Plaintiff's work was performed for the benefit of Defendant in the normal course of its business.

19. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment as to matters of significance. Rather, it involved many insignificant duties and duties identical to hourly staff and other non-exempt positions.

20. On information and belief, Defendant's SMs perform substantially the same job duties at all of Defendant's locations. For example, Defendant uses the same job description/posting on its website for open SM positions across the country.

21. Plaintiff routinely worked in excess of 40 hours a week, and during many weeks, worked in excess of fifty (50) hours a week. Nonetheless, Defendant willfully failed to pay him overtime compensation of one and one-half times his regular rate of pay in violation of the FLSA. Upon information and belief, it is Defendant's uniform policy and procedure not to pay all similarly situated employees overtime compensation.

22. Defendant has likewise employed other individuals as SMs that require little skill, no capital investment, and whose duties and responsibilities do not include any managerial responsibilities or the exercise of independent judgment.

23. Such individuals have worked in excess of 40 hours a week, yet Defendant has likewise willfully failed to pay them overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA. As stated, the exact number of such individuals is presently unknown, but is within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

24. Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action Members, Defendant failed to maintain accurate and sufficient time records. Among other things, Defendant did not track whether Plaintiff and other SMs worked overtime hours and/or took meal or rest periods.

25. Defendant's SMs are nonexempt under the FLSA. Defendant, however, classified, and continues to classify, its SMs as exempt and, thus, not entitled to receive overtime compensation.

26. Further, Defendant's violation of the FLSA is willful. Defendant is well aware of its legal obligation to pay overtime compensation. Indeed, upon information and belief Defendant previously misclassified Assistant Managers as exempt and paid them no overtime,

but then reclassified Assistant Managers as non-exempt and now pays them hourly, presumably paying overtime for the hours they work over 40 in a workweek. Upon further information and belief, Defendant has previously faced similar allegations from store managers at its other retail brands' stores.

27. In addition, on information and belief, Defendant's SMs have complained about the manner in which they have been compensated, including the failure to be paid overtime compensation.

## FIRST CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

28. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

29. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

30. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

31. Upon information and belief, at all relevant times Defendant has had gross revenues in excess of $500,000.

32. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1 to Plaintiff's Complaint.

33. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to their SMs for hours worked in excess of 40 hours per workweek.

34. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the

regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continues to violate, the FLSA.

35. Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

37. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to recover from Defendant unpaid overtime compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA collective class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of overtime compensation due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed representative actions have a right to jury trial.

Dated: January 13, 2017                                    Respectfully submitted,

 

Alan L. Quiles
Gregg I. Shavitz
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com
Tel:   (561) 447-8888
Fax:  (561) 447-8831

*Attorneys for Plaintiff*

DocuSign Envelope ID: 52CE1A1C-9D07-47D2-AF27-DF003DE813F0

**CONSENT TO JOIN FORM**

  1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Simply Mac, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

  2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

  3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*/s/ Thomas Lotz*
(DocuSigned by: Thomas Lotz, F483656F665E4A2...)

Signature

Thomas Lotz

Print Name